J-A28009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANTOS B. RAMOS-RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1484 MDA 2020 |

Appeal from the PCRA Order Entered October 29, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000140-2006

BEFORE:    LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:            **FILED DECEMBER 21, 2021**

Santos B. Ramos-Rodriguez appeals from the order, entered in the Court of Common Pleas of York County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On December 14, 2005, a jury convicted Ramos-Rodriguez of various drug, firearm, and related offenses.  On August 21, 2006, the trial court sentenced Ramos-Rodriguez to 30 to 60 years' incarceration, which included the imposition of a two-year school-zone mandatory minimum sentence and a five-year gun mandatory minimum sentence.  *See* 18 Pa.C.S.A. § 6317; 42 Pa.C.S.A. § 9712.1.   On August 28, 2006, Ramos-Rodriguez filed a post-sentence motion, which the trial court denied on September 25, 2006.  This Court affirmed Ramos-Rodriguez's judgment of sentence on June 21, 2007.

_____

[*] Former Justice specially assigned to the Superior Court.

***Commonwealth v. Ramos-Rodriguez*** 931 A.2d 51 (Pa. Super. 2007) (unpublished memorandum). Ramos-Rodriguez did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Thereafter, Ramos-Rodriguez filed five unsuccessful PCRA petitions. He filed the instant petition, his sixth, on November 2, 2018. In the instant petition, Ramos-Rodriguez argues his sentence is illegal because section 6317 (drug-free school zone mandatory minimum statute) was declared unconstitutional in ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015). Ramos-Rodriguez alleges that the PCRA court erred by: (1) failing to treat the PCRA petition as a writ of *habeas corpus* because the constitutional relief he seeks from section 6317 falls outside the enumerated remedies of the PCRA; and (2) concluding that his PCRA petition was time-barred where he pled and proved a retroactively-applied constitutional right. ***See*** 42 Pa.C.S.A. § 9745(b)(i)(iii).

Despite his first claim, Ramos-Rodriguez admits he styled his filing as a PCRA petition, and, in fact, his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal refers to the appeal as a "PCRA" appeal. ***See generally*** Defendant's Motion for Post-Conviction Collateral Relief, 11/2/18. Further, in Ramos-Rodriguez's petition, he neither sought *habeas corpus* nor constitutional relief from section 6317, nor did he seek such *habeas corpus* or constitutional relief in his "Objections to the 907(1) Notice" or his Rule 1925(b) statement. ***See*** Defendant's Motion for Post-Conviction Collateral Relief, 11/2/18, at 8; Objections to 907(1) Notice, 9/16/19. Thus, Ramos-Rodriguez

waived the issue of whether his claim should be treated as a *habeas corpus* petition. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Basemore**, 744 A.2d 717, 725-26 (Pa. 2000) ("Under the PCRA, waiver occurs if the petitioner could have raised the issue but failed to do so before trial, at trial, on appeal, or in a prior state post-conviction proceeding.").

Even if the issue had not been waived, Ramos-Rodriguez cannot escape the PCRA time-bar by now labeling his petition as a writ of *habeas corpus*. **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition.") (citations omitted). Moreover, Ramos-Rodriguez's filing challenges the constitutionality of one of the mandatory minimum statutes that applied to his sentence. Under such circumstances, he is effectively challenging the legality of his sentence—a claim that must be brought under the PCRA. **See Commonwealth v. Moore**, 247 A.3d 990, 991 (Pa. 2021) (challenge to constitutionality of sentencing statute properly treated as PCRA petition).

Regarding Ramos-Rodriguez's second issue, we acknowledge that, while challenges to a sentence's legality cannot be waived, the PCRA court still must have jurisdiction to review the merits of such a claim. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. 2013) (PCRA's "time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition"). Instantly, Ramos-Rodriguez's

judgment of sentence became final, for purposes of the PCRA, on December 21, 2007, when the time expired for him to file a petition for allowance of appeal with our Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Thus, Ramos-Rodriguez had until December 21, 2008, to file a timely petition. Ramos-Rodriguez's petition, however, was filed almost ten years later; therefore, it is patently untimely. Since Ramos-Rodriguez failed to plead and prove an exception to the PCRA time-bar, the PCRA court had no jurisdiction to consider the merits of his petition. *Hernandez*, *supra*.

Although Ramos-Rodriguez attempts in his appellate brief to plead and prove the exception for a retroactively-applied constitutional right under section 9545(b)(1)(iii), we find that he has waived this argument where he never raised this exception in his petition, his "Objections to the 907(1) Notice," or in his Rule 1925(b) statement. *See* Defendant's Motion for Post-Conviction Collateral Relief, 11/2/18; Objections to 907(1) Notice, 9/16/19; *see also* Pa.R.A.P. 1925(b)(4)(vii) (issues not raised in Rule 1925(b) statement waived); *Taylor*, *supra* at 468; *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) ("Exceptions [to the PCRA jurisdictional time-bar] cannot be raised for the first time on appeal[.]"). Because Ramos-Rodriguez fails to plead and prove an exception to the PCRA court's time-bar,

the court properly denied his petition.[1] ***Hernandez***, ***supra***; ***Commonwealth***

***v. Breakiron***, 781 A.2d 94, 97-98 (Pa. 2001).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021

---

[1] Even if we did not find waived Ramos-Rodriguez's argument that ***Hopkins***, ***supra***, "established a substantive[,] [c]onstitutional rule that should be applied retroactively to cases on collateral review[,]" Ramos-Rodriguez failed to prove the exception, as our Supreme Court has held that ***Hopkins*** does not apply retroactively. Appellant's Reply Brief, at 2 (citing ***Montgomery v. Louisiana***, 577 U.S. 190, 206 (2016); ***Commonwealth v. Whitehawk***, 146 A.3d 266, 271 (Pa. 2016)). ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii) (right asserted is constitutional right recognized by Supreme Court of United States or Supreme Court of Pennsylvania after time period provided in this section and has been held by Court to apply retroactively).